UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL ARTHUR MERRIMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | **Case No. 1:16-cv-1532-GSA**<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF RANDALL ARTHUR MERRIMAN** |

**I.　INTRODUCTION**

Plaintiff Randall Arthur Merriman ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Supplemental Security Income ("SSI") benefits pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs (Docs. 14, 17, and 28) which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] After reviewing the administrative record, the Court finds the ALJ applied the

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 7 and 8).

1

correct legal standards and the decision is supported by substantial evidence. Accordingly, the Court denies Plaintiff's appeal.

## II. BACKGROUND AND PRIOR PROCEEDINGS

### A. Background

Plaintiff previously worked in the security industry. AR 25-26; 65-66. On December 14, 2012, he filed an application for SSI alleging disability beginning December 1, 2012,[3] due to lumbar damage and thoracic vertebrae arthritis, arthritis, type 2 diabetes, and depression. AR 15; 57; 68; 266-277; 287. The parties agree that Plaintiff properly exhausted his administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc. 14, pgs. 2 and Doc. 17, pg. 4). Therefore, this appeal is a review of Administrative Law Judge Judson Scott's ("ALJ") decision issued on February 24, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 15-27.

### B. Summary of the Medical Record

The Court has reviewed the entire medical record. AR 336-520. Because the parties are familiar with the factual background of this case, including Plaintiff's medical history, the Court will not exhaustively summarize these facts in this order. Relevant portions of the medical record related to Plaintiff's mental health impairments and treatment raised in this appeal will be referenced in this decision where appropriate.[4]

## III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful

---

[3] At the hearing, Plaintiff amended his alleged onset date to December 14, 2012. AR 57.
[4] As noted above, Plaintiff also alleged disability based on physical impairments, however, issues related to these conditions were not raised in this appeal and therefore, are not discussed in this decision.

2

work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a).[5] The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

### A. The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 15-22. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 14, 2012, the application date. AR 17. The ALJ identified degenerative disc disease of the lumbar spine and peripheral neuropathy as severe impairments. AR 17-27. However, he determined that Plaintiff's hernia, various foot ailments, hypertension, depression, and obsessive compulsive disorder were nonsevere impairments. AR17-19. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 20.

Based on the review of the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, except he was limted to occasional postural

---

[5] References to the regulations in this decision are to the 2015 regulations which were in effect at the time of the ALJ's decision.

3

activities and he must never climb ladders, ropes, or scaffolds. The ALJ also found that Plaintiff must avoid heights, hazardous moving machinery, heavy industrial vibrartions, or extreme cold. AR 20-26. Based on this RFC, the ALJ determined that Plaintiff could perform his past relevant work as a security officer, armed guard, and case-aid. AR 26.

## III. ISSUES PRESENTED

Plaintiff argues that the ALJ's assessment of his mental heath impairments was not proper. He requests that the Court remand the case for an award with benefits, or alternatively, remand for further proceedings. Defendant contends that the ALJ considered Plaintiff's mental impairments and that his evaluation of the medical record was proper. The Commissioner therefore argues the ALJ's findings are supported by substantial evidence.

## IV. STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## V. DISCUSSION
### A. The ALJ Properly Weighed the Evidence Related to Plaintiff's Mental Health Impairments.

Plaintiff argues that the ALJ failed to properly evaluate the medical evidence related to his mental health issues. Specifically, Plaintiff asserts that he suffers from depression and anxiety and

4

that the ALJ improperly relied on Dr. Yee's (a consultative examiner) (AR 395-400) and Dr. Zukowsky's (a non-examining physician) (AR 114-116) opinions because they improperly evaluated Plaintiff's inability to interact with others. Moreover, neither doctor evaluated treatment notes from Kern County Mental Health Services ("KCMHS") regarding treatment that Plaintiff received after the doctors rendered their opinions. AR 417-518. Plaintiff further argues that the ALJ failed to follow the Programs Operations Manual System ("POMS") DI 25020.010 that requires an ALJ to consider the mental abilities required for any job. Plaintiff requests that the case be remamded so that a new consultative examination can be completed. (Doc. 14, pgs. 7-12; Doc 18, pgs. 3-5).

Defendant contends that the ALJ's assessment of Plaintiff' mental impairments was proper because after assessing Plaintiff under the four broad functional abilities known as paragraph B criteria, the ALJ found that Plaintiff's depression and compulsive disorder were non-severe impairments. The Commissioner further argues that Plaintiff has not contested the ALJ's non-severe findings at step-two, nor did the medical record corroborate his complaints of disabling mental health limitations. Finally, Plaintiff's arguments regarding the ALJ's failure to follow the POMS are misplaced since Plaintiff did not present any evidence, other than his own discredited complaints, that he had any mental limitations. (Doc. 17, pgs. 8-16).

   *1. The Law*

Under the law of this circuit, the opinions of treating physicians, examining physicians, and non-examining physicians are entitled to varying weight in disability determinations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.; Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). However, the opinions of a treating or examining physician are "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir. 1999). An ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle,* 533 F.3d at 1164. To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and

convincing reasons. *Trevizo v. Berryhill,* 871 F.3d 664, 675 (9th Cir. 2017). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons. *Id.; Garrison v. CSS,* 759 F.3d 995, 1012 (9th Cir. 2014); *Ghanim v. CSS,* 763 F. 3d 1155, 1161 (9th Cir. 2014). The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas,* 278 F.3d at 957. Such independent reasons may include laboratory test results or contrary reports from examining physicians, and Plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester,* 81 F.3d at 831, *citing Magallanes v. Bowen,* 881 F.2d 747, 751–755 (9th Cir. 1989).

   *2. Analysis*

   Here, the ALJ discussed two doctors opinions: Dr. Raymond Yee, M.D., a psychiatrist who performed a consultative exam, and Dr. Norman Zukowsky, Ph.D., a non-examing state agency psychologist. Dr. Yee performed a psychiatric evaluation on September 22, 2013. AR 395-400. On examination, Plaintiff was calm, well-mannered, polite, cooperative, and friendly; he was appropriately dressed and well groomed; his gait was normal; his speech was coherent and productive; his thought content was normal; his mood and affect were appropriate; he was fully oriented in all spheres; and he had no deficits in his memory, fund of knowledge, or calculation ability. Dr. Yee opined Plaintiff could perform simple and repetitive tasks, as well as detailed and complex tasks; he could accept instructions from supervisors and interact with co-workers and the public; he could work on a consistent basis without special attention or supervision; he could maintain regular attendance in the workplace and complete a normal workday and week without interruption from his condition; and he could deal with the usual stressors of competitive employment. AR 399.

   On January 9, 2014, Dr. Norman Zukowsky, Ph.D., a non-examining psychologist, reviewed the medical record and concluded Plaintiff did not have a severe mental impairment. AR 114-116. Dr. Zukowsky opined Plaintiff had only mild restrictions in activities of daily living, social functioning, and concentration, persistence, or pace. AR 115-116.

   The ALJ gave both of these doctors' opinions significant weight because they were

consistent with Plaintiff's limited complaints, his mental status examinations, Plaintiff's reports of improvement with treatment, and his activities of daily living. AR 25-26. In giving these doctors' opinions weight, the ALJ found Plaintiff not credible. For example, Plaintiff testified that he does not get out of bed twice a week, he does not eat, and suffers from panic attacks (AR 69-73), but the ALJ found that treatment records from KCMHS did not cooroborate these claims. AR 25. Specifically, the ALJ noted that during treatment Plaintiff reported he was optimistic and planned on returning to school, and he felt he was empowering people where he lived and was considering pursuing a master's degree in sociology because he liked what he was doing. AR 18-19; 25. These conclusions are supported by the record. AR 457 (Plaintiff was helping other residents feel empowered); AR 457; 459; 503 (Plaintiff wanted to return to school to pursue a law degree or a Master's degree in sociology to help others, and he set up an interview with an enrollment coordinator); AR 477 (Plaintiff was in a delighted mood as exhibited by a smile on his face and a livelier gate); AR 515 (Plaintiff reported a better outlook). Plaintiff discounts these findings arguing that he made these statements but he never actually followed through on them, which is indicative of his disability. (Doc. 18, pgs. 3-4). However, the fact that Plaintiff reported feeling better during these sessions reasonably undercuts his claim that he was so depressed he could not get out of bed and is unable work.

Plaintiff also contends that the ALJ improperly assessed his mental health condition because the ALJ did not take his entire medical record into account. Specifically, he argues that the ALJ did not consider that Plaintiff has difficulty interacting with others, that he suffers from panic attacks, has difficulty sleeping, and suffers from depression and has anger towards others including females and doctors. (Doc. 14, pgs. 13-14). However, Dr. Yee had this information at the time of Plaintiff's consultative examination and determined that Plaintiff was able to perform work in spite of these limitations without any psychological or cognitive limitations after performing a psychiatric assessment. AR 396; 399. Moreover, during treatment, Plaitniff also reported that he had not had a panic attack in years. AR 477- 478.

Finally, Plaintiff argues that the state agency doctors' assesssments should not be relied upon because after these assessments were performed, he sought mental health treatment from

February 2014 until September 2014 at KCMHS. Plaintiff contends that the ALJ should have considered this information in conjunction with the doctors' evaluations as these records reveal that he was taking Prozac (which was increased from 10 mg to 20 mg during the course of his treatment) and Abilify. Further, during this period he reported he was anxious and depressed, hopeless and overwhelmed, his sleep was marginal and his grooming was disheveled. AR 422; 431; 445-446. Plaintiff asserts that these records created ambiguity which trigger the ALJ's duty to order additional assessments.(Doc. 14, pgs. 7-12; Doc. 18, pgs. 3-5). However, the Court is not persuaded by Plaintiff's arguments because the ALJ evaluated and discussed Plaintiff's treatment during this time period. He found that the levels of Prozac Plaintiff was taking was low; a provider reported that Plaintiff was not "enthusiastic" about taking his medications, nevertheless, Plaintiff reported significant improvement with treatment; and the practioner noted that Plaintiff was goal and future-oriented and wanted to better himself in years to come. AR 24; 434; 437; 439; 446. Indeed, in August and September 2014, the heath care provider noted that Plaintiff was no longer as severely depressed in his mood. AR 439; 446. Similarly, the ALJ also noted that the mental status findings during Plaintiff's treatment were not consistent with a person suffering from debilitating depression. AR 24. In particular, Plaintiff's mental status examinations revealed benign findings incommensurate with debilitating mental health symptoms. AR 398-400 (polite, cooperative, and friendly; coherent speech; normal thought content; appropriate mood and affect; full orientation; and no deficits in his memory, fund of knowledge, calculation ability, concentration, abstract thinking, insight, or judgment); AR 438-439 (anxious and depressed, appropriate affect, cooperative behavior, normal speech, normal psychomotor behavior, good eye contact, ruminations, goal-directed thought content, good insight, fair judgment, intact attention and concentration, average intelligence, and full orientation); AR 444-446 (same, noting Plaintiff was goal and future oriented and wanted to better himself).

It is well established that the ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Magallanes*, 881 F.2d at 750. Moreover, an ALJ may choose to give more weight to an opinion that is more consistent with the evidence in the record. 20 C.F.R. § 416.927(c)(4) ("the more consistent an opinion is with the record as a whole, the more weight

we will give to that opinion"); *Valentine v. Astrue*, 574 F.3d 685, 692-93 (9th Cir. 2009) (ALJ properly gave greater weight to examining physician and state agency physician when evaluating RFC and rejecting another doctor's contradictory opinion). Here, the ALJ properly examined the record and gave weight to the doctors' opinions that were in the file after determing that the records from KCMHS conflicted with Plaintiff's testimony at the hearing, and that he only had mild symptoms after receiving treatment. As such, the ALJ determined Plaintiff was not credible and his mental health conditions were not severe impairments at step-two because they did not cause more than a minimal limitation in Plaintiff's ability to perform basic mental work activities.[6] AR 18-19; *See*, 20 C.F.R. § 416.920a. Plaintiff has not challenged the ALJ's credibility or step two findings on appeal. Moreover, the ALJ's findings are further supported by the fact that no physician or mental health provider offered an opinion that Plaintiff suffered from additional functional limitations. As such, the ALJ's assessment of the medical record is supported by substantial evidence. Even though Plaintiff summarized the medical record and disagrees with the ALJ's conclusions regarding this evidence, he has not established any legal error with the ALJ's analysis. Instead, he merely sets forth his interpretation of the same evidence the ALJ analyzed and asks the Court to choose his interpretation over the ALJ's analysis. While the Court is sympathetic to Plaintiff's case, where more than one rational interpretation of the evidence exists, the ALJ's conclusion must be upheld. *Thomas*, 278 F.3d at 954; *Magallanes*, 881 F.2d at 750.

## VI. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole. Accordingly, this Court ORDERS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be DENIED. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Nancy A. Berryhill, Actng

---

[6] 20 C.F.R. § 416.920a sets forth the requirements for evaluating the severity of mental impairments, including the paragraph B criteria. Pursuant to 20 C.F.R. § 416.920a(b), after determining a claimant has a medically determinable mental impairment, the ALJ must "rate the degree of functional limitation resulting from the impairment(s). . . ." The regulations instruct the ALJ to consider four broad functional areas in rating the degree of functional limitation: activities of daily living, social functioning, concentration, persistence of pace, and episodes of decompensation. *See* 20 C.F.R. § 416.920a(c)(3).

Commissioner of Social Security, and against Plaintiff, Randall Arthur Merriman, and close this case.

IT IS SO ORDERED.

    Dated: **February 14, 2018**         **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE